

# Service of Process Transmittal
05/26/2020
CT Log Number 537710216

**TO:** Sneha Desai, Counsel
BASF CORPORATION
100 Park Ave
Florham Park, NJ 07932-1089

**RE:** **Process Served in South Carolina**

**FOR:** BASF CORPORATION  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Phyllis Moody-Beuthicn, Pltf. vs. BASF Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CP3700262 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/26/2020 postmarked on 05/21/2020 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/27/2020, Expected Purge Date: 06/01/2020 |
| | Image SOP |
| | Email Notification, Joseph P. Prevete  joseph.prevete@basf.com |
| | Email Notification, Sneha Desai  sneha.desai@basf.com |
| | Email Notification, Kimberly Livecchia-Jeff  kimberly.livecchia-jeff@basf.com |
| | Email Notification, Susana Reisinger  susana.reisinger@basf.com |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / LS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL

Arnold Law Firm, LLC
223 West Stone Avenue
Greenville, SC 29609



7019 1120 0002 1069 7806

C T CORPORATION SYSTEM
Registered Ageny for BASF Corp.
2 Office Park Court Suite 103
Columbia, South Carolina   29223





U.S. POSTAGE PAID
FCM LETTER
GREENVILLE, SC
29608
MAY 21, 20
AMOUNT
$7.10
R2305M146439-33

ELECTRONICALLY FILED - 2020 Apr 18 7:36 AM - OCONEE - COMMON PLEAS - CASE#2020CP3700262

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF OCONEE ) | Case No. 2020-CP-__-_____ |
| ) | |
| Phyllis Moody-Beuthien. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | SUMMONS |
| ) | (JURY TRIAL DEMANDED) |
| BASF Corporation, ) | |
| ) | |
| Defendant. ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 223 W. STONE AVENUE, Greenville, South Carolina, 29609 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

Respectfully submitted,

ARNOLD LAWFIRM, LLC

By:     S/Brian E. Arnold
        Brian E. Arnold
        S.C. Bar No. 16839
        223 W. Stone Avenue
        Greenville, South Carolina 29609
        (864) 242-2427

-1-

ELECTRONICALLY FILED - 2020 Apr 18 7:36 AM - OCONEE - COMMON PLEAS - CASE#2020CP3700262

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF OCONEE ) | Case No. 2020-CP-__-_____ |
| ) | |
| Phyllis Moody-Beuthien ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | COMPLAINT |
| ) | **(JURY TRIAL DEMANDED)** |
| BASF Corporation, ) | |
| ) | |
| Defendant. ) | |
|_____) | |

Plaintiff, through her attorney Brian E. Arnold, files this Complaint and would respectfully show unto this Court as follows:

1.  Plaintiff was a citizen of Texas at all relevant times.

2.  Upon information and belief, Defendant is a foreign corporation doing business in Oconee County, South Carolina.

3.  Plaintiff was verbally offered a job on December 21, 2019 to be employed by Defendant as an Occupational Health Nurse at Defendant's Seneca location. An offer letter was then emailed to Plaintiff confirming the verbal offer. Plaintiff was required to sign and return the offer letter. As part of the offer, Defendant informed Plaintiff that she would have to complete and pass a background check. After Plaintiff signed the offer letter, Defendant paid Plaintiff a relocation payment of $7500 that Defendant directly deposited in Plaintiff's bank account. This payment would assist Plaintiff with the expenses in leaving her then current employment and to move from Texas and relocate to Seneca. In addition, Plaintiff was given a target date to be in Seneca so that she would be prepared for her first day of employment. Defendant never notified Plaintiff prior to

her accepting the offer and moving from Texas that the background check would be anything other than the industry standard background check that Plaintiff had completed on several occasions for other employment opportunities. Had Defendant indicated to Plaintiff that "passing" a standard background check was not sufficient for her to begin employment, Plaintiff would not have moved and given up her employment in Texas. But, because Defendant failed to notify Plaintiff of this alleged fact and had already paid her the relocation payment to move from Texas to South Carolina, Plaintiff moved and accepted the employment.

4.     Defendant contracted with HireRight to perform the background check. Plaintiff went through the background process with HireRight (which relied on Plaintiff to do almost all the work of verifying past employment), and answered all their questions. When a couple of issues came up regarding Plaintiff's dates of past employment, Plaintiff promptly provided proof of employment and accurate dates. In fact, on several occasions Plaintiff called and emailed Defendant and HireRight, when the process was moving slowly, which neither responded. But Plaintiff provided all reasonable existing proof of past employment to complete her background check. She was never notified once it was completed, that she needed to do anything additional.

5.     However, on or about February 14, 2020, Defendant "rescinded" its offer to Plaintiff falsely claiming that HireRight had not been able to verify Plaintiff's employment. Plaintiff had in fact verified her past employment through HireRight.

### For A First Cause of Action
### Breach of Contract.

6.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if set forth here in full.

7. Defendant made an offer of employment with the standard condition of completing and passing a background to Plaintiff and Plaintiff's accepted this offer and satisfied the condition of completing the background check and providing all necessary information to pass the background check. Thus, a binding contract between Plaintiff and Defendant.

8. Further, an implied term of this contract is a duty for Defendant to deal fairly with Plaintiff and to act in good faith.

9. Defendant breached the terms of this contract when it failed to employ Plaintiff and "rescinded" the offer.

10. Plaintiff has been severely damaged as a result of Defendant's breaches.

11. Plaintiff has fully performed under the terms of the contract and Defendant's breaches are without justification.

WHEREFORE, Plaintiff respectfully requests a trial by jury on her claim of breach of contract, entry of judgment to include all nominal, actual damages (including loss of back pay and benefits and front pay and benefits), specific performance, consequential damages, and all other relief, including declaratory and injunctive relief, to which Plaintiff can show he is entitled including, but not limited to, costs prejudgment and post-judgment interest.

### For A Second Cause of Action
### Breach of Contract Accompanied by Fraudulent Act.

12. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if set forth here in full.

13. Defendant breached the parties' agreement in the manner set forth above.

14. Defendant breached the agreement with fraudulent intent relating to the breach.

15.     Defendant committed one or more fraudulent acts accompanying its breaches of contract as evidenced by its dishonesty in fact, unfair dealing, and its failure to provide honest information regarding the policy and reasons for the termination of employment. Specifically, Defendant attempted to cover-up its breach by giving false and pretextual reasons for Plaintiff's termination and/or rescinded the offer.

WHEREFORE, Plaintiff respectfully requests a trial by jury on her claim of breach of contract with fraudulent intent as well as entry of judgment in an amount to be determined at trial to include all available nominal, actual (including loss of back pay and benefits and front pay and benefits), consequential, and punitive damages as well as all other relief to which Plaintiff can show an entitlement including, but not limited to specific performance, costs, expenses, as well as pre-judgment and post-judgment interest.

### For A Third Cause of Action
### Negligent Misrepresentation

16.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if set forth here in full to the extent that they are not inconsistent with this cause of action.

17.     Defendant made numerous representations to Plaintiff regarding the offer and omitted that it would require something additional to the industry standard of completing and passing a background check.

18.     As the hiring employer setting the conditions of the offer, Defendant has the authority to determine what actions it will take and had superior knowledge of company policy and what it required to pass a background check.

ELECTRONICALLY FILED - 2020 Apr 18 7:36 AM - OCONEE - COMMON PLEAS - CASE#2020CP3700262

19. As Plaintiff expressly reposed a trust and confidence in Defendant with reference to the particular transaction in question, Defendant had a duty to disclose to Plaintiff if it required something additional to the industry standard of completing and passing a background check.

20. Thus, Defendant owed Plaintiff a duty of care in making the offer and the conditions of employment and to Plaintiff's responsibilities.

21. Defendant's breached this duty by making false representations and/or by failing to disclose the truth and failing to exercise due care in making these representations.

22. Defendant had a pecuniary interest in making the statements.

23. Plaintiff justifiably relied on the representations by Defendant and left her employment and home in Texas and moved to South Carolina.

24. Plaintiff has suffered a pecuniary loss as a direct and proximate result of her reliance on the statements made by Defendant.

25. Defendant's actions constitute gross negligence.

WHEREFORE, Plaintiff requests entry of judgment in an amount to be determined by the jury but which should include all available actual (including loss of back pay and benefits and front pay and benefits), consequential, special, and punitive damages for non-personal injuries, as well as any other relief shown to be appropriate including, but not limited to, costs and interest.

Respectfully submitted this 17th day of April 2020.

For the Plaintiff:
    s/Brian E. Arnold
Brian E. Arnold No. 16839
Arnold Law Firm, LLC
223 West Stone Avenue
Greenville, SC 29609
864-242-2427 (Office)
864-335-4195 (Fax)

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF OCONEE ) | C.A. No. 2020-CP-37-00262 |

**Phyllis Moody-Beuthien,**            )
                                       )
        **Plaintiff,**        )
                                       )
**v.**                                 )
                                       )
**BASF Corporation,**                  )
                                       )
                                       )
        **Defendant.**        )
                                       )

## NOTICE OF FILING NOTICE OF REMOVAL

TO:     Brian E. Arnold, Esq.
           ARNOLD LAW FIRM, LLC
           223 W. Stone Avenue
           Greenville, SC 29609

           The Honorable Beverly H. Whitfield
           Oconee County Clerk of Court
           205 W Main St.
           Walhalla, SC 29691

     PLEASE TAKE NOTICE that the Defendant in the above-captioned action has, on the 25th day of June, 2020, filed its Notice of Removal in the Office of the Clerk of the United States District Court for the District of South Carolina, Greenville Division. (Attachment A.) Pursuant to 28 U.S.C. § 1446(d), the Court of Common Pleas for Oconee County, South Carolina shall proceed no further unless or until the case is remanded.

**[SIGNATURE ON NEXT PAGE]**

Dated this 25th day of June, 2020.

                Respectfully submitted,

                OGLETREE, DEAKINS, NASH,
                  SMOAK & STEWART, P.C.

By:   /s/Lucas J. Asper
       Lucas J. Asper
       M. Brooks Miller
       300 North Main Street, Suite 500
       Greenville, South Carolina 29601
       Phone: (864) 271-1300
       Fax: (864) 235-8806
       lucas.asper@ogletree.com
       brooks.miller@ogletree.com

**Attorneys for Defendant**

43104306.1

2